(115 So. 462)

No. 29018.

## BOARD OF COM'RS OF ORLEANS LEVEE DIST. v. ANSARDI.

## In re BOARD OF COM'RS OF ORLEANS LEVEE DIST.

Dec. 16, 1927.

*(Syllabus by Editorial Staff.)*

Levees and flood control ⬤⟾35—Refusal of preliminary injunction to restrain property owner's interference with construction of levee held not abuse of discretion under evidence.

Trial court's refusal of preliminary injunction to prevent property owner's interference with construction of levee *held* not abuse of discretion, under conflicting evidence, which indicated property owner was not resisting the taking of his property, but merely insisted that buildings be removed to public road.

Application by the Board of Commissioners of the Orleans Levee District for writs of certiorari, prohibition, and mandamus to compel a judge of the district court to issue a preliminary injunction restraining Ambrose Ansardi from interfering with the construction by relator of a certain levee. Rule nisi discharged, and application denied.

James Wilkinson, Benjamin T. Waldo, and E. P. Deutsch, all of New Orleans, for relator.

L. H. Perez, of New Orleans, for respondent.

ROGERS, J. The relator has applied to this court for a writ of mandamus to compel the respondent judge to issue a preliminary injunction enjoining one Ambrose Ansardi, made defendant in the original proceedings in the district court, from interfering with the construction by relator of a certain levee on the left bank of the Mississippi river in the parish of St. Bernard.

In its petition for the injunction, relator alleges, substantially, that the work is being done in order to close the breach made by the authorities in the levee at Caernarvon,

La., in the month of April, 1927; that Ambrose Ansardi was the owner, at that time, of a residence, store, and dance hall at that point, and that he presented a claim for damages for the total loss of said buildings to the Orleans Organization Caernarvon Reparations; that the reparations organization and Ansardi agreed upon the sum of $12,500 as the amount of the latter's damages, including "all property to be taken for a new levee"; that, notwithstanding said settlement, Ansardi, in fraud and bad faith, re-entered said property, and has refused to surrender it to the petitioner, threatening to shoot the operators of the dredge "Hercules," under contract to build the levee, if they encroached upon the said premises; that petitioner's attorney, with its acting chief engineer, called on the said Ansardi, and requested him, if he desired to keep and use the said buildings, to remove them at his own expense, otherwise petitioner would be forced to demolish said buildings; that the said Ansardi refused to do this; that, in order to avoid loss and friction, petitioner, on November 28, 1927, ordered one George Abry, an experienced house mover of the city of New Orleans, to remove said buildings from the new levee line; that Ansardi refused to permit the removal of the buildings, unless the said Abry would agree to remove and face them on the public road, a distance of approximately 300 feet, and repair all damages, which the said Abry refused to do; that its contractor is now up to the said "Ansardi house," and has to cease work, causing it a loss of $600 per day, because of the illegal and obstructive tactics of said Ansardi; and that there is danger of said dredge not being able to complete the levee at all, causing irreparable injury; and—

"* * * that from previous objections and threats by said Ansardi that he will resist by violence petitioner's legal right to demolish said buildings and move same from said levee line a restraining order and injunction is necessary at once to prevent the said Ansardi from in

any way preventing your petitioner from demolishing and removing said buildings from said new levee line; that petitioner reserves the right to sue by supplemental petition for all costs and damages caused it by the illegal acts of the said Ambrose Ansardi."

The prayer of the petition is for an order restraining the said defendant from in any manner interfering with petitioner, its agents and employees, in their demolishing and removing from the new levee line any buildings formerly belonging to the defendant and described in his flood damage claim, or in any manner using the property to build a levee thereon, upon giving such bond as the court may fix; that a rule nisi be issued for a preliminary injunction against defendant, all as prescribed by law, and, after due services of said orders, decrees, and writs, and of a copy of the petition and citation on the defendant, and after due proceedings had, there be judgment maintaining this injunction with costs, and for equitable relief.

The judge of the district court refused the restraining order, but fixed the hearing on the rule for a preliminary injunction within three days after it was filed. The rule was submitted on affidavits and the exhibits attached to the affidavits, and resulted in the refusal of the judge to grant the injunction.

In his return to the rule nisi issued by this court, the respondent judge assigns the following reasons for refusing the preliminary injunction prayed for by relator, viz.:

" * * * That he was of the opinion that insufficient proof had been submitted to prove the defendant, Ansardi, had made any threats in any manner, or that he had obstructed or interfered with the work of the Orleans levee board in the construction of the levee at Caernarvon in the parish of St. Bernard. That the defendant filed affidavits showing that he had not offered any manner of resistance, and also showing that the contractor's dredge engaged in the construction of the Caernarvon levee had been continually at work prior to, and after the time of, the filing of the suit herein, and that, on the morning of the trial, December 8, said dredge was still actively engaged in construction work a distance away from the defendant's house.

"That the defendant further submitted to your respondent on the trial of said rule nisi that he acknowledged the authority of the levee board under the provisions of the Constitution granting it the right to appropriate his property, and that he had offered no resistance, and would offer no resistance to the appropriation of his property, except that he reserved his legal rights to recover the value thereof in the event of the destruction of the same in the appropriation thereof.

"That under the circumstances therefore, and it appearing from the evidence that the defendant Ansardi had not committed any overt act interfering with the work of the levee board in its levee construction at Caernarvon, that he had made no declaration of intention so to do, and denied that he intended to offer any resistance, but, on the contrary, admitted the legal and constitutional right of the plaintiff levee board to appropriate his property for levee purposes, your respondent did not consider it necessary or proper 'to issue an injunction against the defendant. * * *'"

Ambrose Ansardi, the defendant in the injunction suit, through his counsel of record, has filed an opposition in this court to the application of the relator. In his opposition he avers that he—

" * * * proved on the trial of the rule nisi the fact that he offered no manner or character of resistance to the plaintiff board or any of its employees or representatives in their construction of the levee at Caernarvon in St. Bernard parish, nor did he offer any resistance in their demolishing or removing from the new levee line any of his buildings; and that the charge that he threatened any one or made armed resistance was absolutely untrue.

"That the only request made by appearer, defendant, of the representatives of the plaintiff board, was that they should, in all fairness, remove his buildings from the levee building site instead of demolishing his buildings, which the board's contractor showed to be presently worth $3,000; and by removing the buildings at a cost of only a few hundred dollars the board would be causing considerably less property damage, and would eventually have to pay less for defendant's losses resulting from the removal of the levee, and, at the same time, defendant and his family would not be driven from their home again, as they were during the flood created in April, 1927, to save the city of New Orleans from its then flood menace.

" * * * That besides asking the board to do this in fairness and in justice to him, his reason in making such a request was to preserve his legal right to recover for the appropriation of his property by the plaintiff board for levee construction purposes.

"Appearer, defendant, therefore respectfully submits to this honorable court that no cause ever existed in fact, or in law or equity, for the issuance of an injunction against him to restrain him from doing any acts which he not only did not do at any time, but never contemplated doing or ever declared his intention to do."

The question of whether the settlement made between the Orleans Organization Caernarvon Reparations and Ambrose Ansardi was in full for all losses suffered by Ansardi, including all property to be taken for the new levee, resulting from the cutting of the levee at Caernarvon, is not in issue between the parties litigant. Therefore the evidence submitted on behalf of the relator tending to show that such was the case is wholly immaterial. The only evidence produced by relator to support its allegations of interference by Ansardi with the construction of the levee and of his threats of violence is his refusal to remove the buildings at his own expense; his rejection of relator's proposition, through Mr. Abry, to merely remove the buildings from the levee line, and not to the public road, repairing all damages caused by the removal; and an unsworn statement contained in a letter by the president of the dredging company to relator, to the effect that Ansardi had threatened to shoot the operator of the dredge boat if mud was placed on his property, or if his house was touched in any way.

The position taken by Ansardi, as set forth in his answer and in his affidavit filed in the court below, and as set forth, also, in his opposition filed in this court to relator's application for a writ of mandamus, appears to be that he has acted only in such a manner as to bring to the attention and to serve notice on the relator that he was protecting and reserving his legal rights to recover the full value of property taken for levee purposes subsequent to his settlement with the reparations organization. We are unable to find any fault with his refusal to jeopardize his position, and to admit, possibly, the correctness of the position assumed by the relator that he was paid in full for his losses, by removing the buildings at his own expense, or by agreeing to their removal by relator from the line of the new levee only, and not to the public road as requested by him.

In his affidavit filed in the court below, Ansardi denied that he had interfered with the dredging company or with any representative of the relator, and that he had used any threats or offered any armed resistance. His declaration under oath is, therefore, opposed to the unsworn, and, apparently, hearsay, statement of the president of the dredging company.

Our conclusion is that relator has not shown the respondent judge abused his discretion in refusing to issue the preliminary injunction for which it applied.

In the court below, and in this court, the defendant, Ambrose Ansardi, has expressly recognized the right of the relator to appropriate the property for levee purposes, and has declared that he had not offered any resistance, and would offer none, to the appropriation of the property, reserving only his right to recover its value in the event it was destroyed as the result of said appropriation. In these circumstances we see no reason why the relator should not proceed to take possession of the property required for the construction of the new levee; thus relegating the said Ansardi to the courts for the determination of his rights and for the recovery of such damages as he may suffer by reason of relator's action.

For the reasons assigned, the rule nisi herein issued is discharged, and the application of the relator denied.